1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                          No. C 09-03443 CW
9   VINCENTA MULATO,
                                          ORDER GRANTING
10          Plaintiff,                    DEFENDANTS JP MORGAN
                                          CHASE BANK, CHASE
11      v.                                HOME FINANCE AND
                                          MORTGAGE ELECTRONIC
12  WMC MORTGAGE CORP.; LITTON LOAN       REGISTRATION
    SERVICING LP; JP MORGAN CHASE BANK,   SYSTEMS, INC.'S
13  N.A.; CHASE HOME FINANCE LLP;         MOTION TO DISMISS
    CALIFORNIA COMBO MORTGAGE; DMW
14  REALTY; ENRIQUE ALVAREZ; RESURGENT
    CAPITAL SERVICES; MORTGAGE ELECTRONIC
15  REGISTRATION SYSTEMS, INC.,

16          Defendants.
    _____/
17

18      Plaintiff Vincenta Mulato charges Defendants WMC Mortgage

19  Corp., Litton Loan Servicing, JP Morgan Chase Bank, Chase Home

20  Finance, California Combo Mortgage, DMW Realty, Enrique Alvarez,

21  Resurgent Capital Services and Mortgage Electronic Registration

22  Systems, Inc. (MERS) with violating federal and California

23  statutory law and California common law in connection with two

24  loans she obtained to purchase a residential property.  JP Morgan

25  Chase Bank and Chase Home Finance (collectively, Chase) and MERS

26  move to dismiss Plaintiff's complaint.  No other Defendant joined

27  Chase and MERS' motion.  Plaintiff opposes the motion.  The motion

28  was decided on the papers.  Having considered all of the papers

submitted by the parties, the Court grants Chase and MERS' motion.

BACKGROUND

On or about September 6, 2006, Plaintiff closed escrow on a home in San Francisco purchased with loans apparently obtained from Defendant WMC. On September 6, WMC recorded two deeds of trust on the property with the San Francisco Recorder's Office. Chase and MERS' Request for Judicial Notice (RJN), Exs. 2-3.[1] The First Deed of Trust (First DOT), which secured Plaintiff's $573,000 loan (First Loan), named WMC as lender, MERS as beneficiary and Westwood Associates as trustee. RJN Ex. 2. The Second Deed of Trust (Second DOT), which secured Plaintiff's $143,000 loan (Second Loan), also named WMC as lender, MERS as beneficiary and Westwood Associates as trustee. RJN Ex. 3.

In mid-September, 2006, WMC transferred the servicing of Plaintiff's First Loan to Litton. Compl. Ex. 9. On December 1, 2006, Litton transferred servicing of the loan to Chase. Compl. Ex. 11. In September, 2007, WMC transferred servicing of Plaintiff's Second Loan to Resurgent. Compl. Ex. 13.

Plaintiff defaulted on both loans. On or about August 18, 2008, she received a letter stating that she was in default on her Second Loan. Compl. ¶ 63; Compl. Ex. 14. On November 7, 2008, NDEx West, LLC recorded a Notice of Default and Election to Sell

---

[1] The Court grants Chase's request for judicial notice of the grant deed recorded on September 22, 2006; the deeds of trust recorded on September 22, 2006; the notice of default and election to sell under deed of trust recorded on November 12, 2008; the substitution of trustee recorded on December 8, 2008; the assignment of deed of trust recorded on December 12, 2008; and the notice of trustee's sale recorded on February 18, 2009 because they contain facts which are not subject to reasonable dispute. Fed. R. Evid. 201.

under the First DOT in the recorder's office.  RJN Ex. 4.

On December 8, 2008, MERS recorded a Notice of an Assignment of Deed of Trust showing the rights under the First DOT were transferred to U.S. Bank.  RJN Ex. 6.  Contemporaneously, NDEx was substituted as the trustee on the First DOT.  RJN Ex. 5.  On February 18, 2009, NDEx recorded a Notice of Trustee's Sale, setting a non-judicial foreclosure sale for March 5, 2009.  RJN Ex. 7.

Plaintiff filed her complaint in San Francisco Superior Court on March 4, 2009.[2]  A substantial portion of the complaint contains general, vague allegations about "mortgage lending practices."  See Compl. ¶¶ 12-47.  Plaintiff's most specific allegations involve her interactions with WMC, California Combo/DMW Realty[3] and Mr. Alvarez.  She alleges that during the loan origination process, these Defendants acted improperly by

> failing to take into account Plaintiff['s] income,
> failing to analyze Plaintiff['s] DTI ratio, failing to
> provide Plaintiff[] with adequate documentation,
> disclosures, notices and other information concerning the
> terms of the loans, misleading Plaintiff[] about the
> potential for refinancing the loans, misleading
> Plaintiff[] about [her] ability to supplement [her]
> income with rental income from a home [she] owned but did
> not occupy, obfuscating the potential for payment shock
> arising from the inevitable interest rate increases on
> the loans, misleading Plaintiff[] about the underwriting

---

[2] Plaintiff's counsel appears to have asserted similar claims and arguments in other cases.  See, e.g., Coyotzi v. Countrywide Fin. Corp., 2009 WL 2985497 (E.D. Cal.); Naulty v. GreenPoint Mortg. Funding, Inc., 2009 WL 2870620 (N.D. Cal.); Onoh v. Citigroup, 2009 WL 2246207 (N.D. Cal.).  In Coyotzi, the court dismissed the plaintiff's claims with prejudice on the basis that they were "incognizable or barred as a matter of law."  2009 WL 2985497, at *22.

[3] Plaintiff asserts that California Combo Mortgage and DMW Realty "are affiliated entities" and refers to them as California Combo/DMW throughout her complaint.  Compl. ¶ 5.

United States District Court
For the Northern District of California

> basis of the loans by suggesting that the primary basis
> for approving the loans was the equity in the Trust
> Property and that [her] monthly income was irrelevant,
> and by failing to advise Plaintiff[] that they intended
> to immediately assign and/or re-sell and/or securitize
> the loans in the secondary mortgage market.

Compl. ¶ 55.  Plaintiff further claims that "due, in part, to her lack of education and the fact that she did not speak English," she did not understand her loan obligations and relied on Mr. Alvarez's assurances that she could "promptly refinance her loan at a more affordable rate and under better terms."  Compl. ¶ 61.  Plaintiff, however, does not identify the specific roles played by WMC, California Combo/DMW and Mr. Alvarez.

The complaint alleges the following causes of action: (1) Negligence/Negligence Per Se; (2) Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty; (4) Intentional Infliction of Emotional Distress; (5) Fraud; (6) Violations of Federal/State Lending Laws; (7) Deceptive Advertising and Other Unfair Business Practices; (8) Civil RICO; (9) Injunctive Relief; (10) Declaratory Relief; (11) Rescission; (12) Quiet Title; (13) Accounting; and (14) "For Punitive Damages."

Chase and MERS removed the action to this Court on July 27, 2009 and filed the current motion on August 3.  Resurgent filed an answer to Plaintiff's complaint on September 2, but did not join Chase and MERS' motion.  The Court's records do not contain proofs of service for WMC, Litton, California Combo/DMW and Mr. Alvarez. These Defendants did not join Chase and MERS' motion, nor have they filed responsive pleadings.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

DISCUSSION

I.   First Cause of Action: Negligence/Negligence Per Se

     A.  Negligence

Plaintiff alleges that Chase owed her "a general duty of care . . . , particularly concerning [its] duty to properly perform

due diligence as to the loans and related transactional issues"
described in the complaint. Compl. ¶ 79. Chase asserts that it did
not have a relationship with Plaintiff that would impose a duty of
care.

A cause of action for negligence must allege (1) the
defendant's legal duty of care to the plaintiff; (2) the
defendant's breach of duty; (3) injury to the plaintiff as a result
of the breach; and (4) damage to the plaintiff. Hoyem v. Manhattan
Beach City Sch. Dist., 22 Cal. 3d 508, 513 (1978). "The legal duty
of care may be of two general types: (a) the duty of a person to
use ordinary care in activities from which harm might reasonably be
anticipated, or (b) an affirmative duty where the person occupies a
particular relationship to others." McGettigan v. Bay Area Rapid
Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (1997).

"[A]s a general rule, a financial institution owes no duty of
care to a borrower when the institution's involvement in the loan
transaction does not exceed the scope of its conventional role as a
mere lender of money." Nymark v. Heart of Fed. Savings & Loan
Assn., 231 Cal. App. 3d 1089, 1095 (1991); see also Kinner v. World
Savings & Loan Assn., 57 Cal. App. 3d 724, 732 (1976) (holding no
duty of care owed by lender to borrower to ensure adequacy of
construction loan); Wagner v. Benson, 101 Cal. App. 3d 27, 35
(1980) (finding no duty owed by lender to borrower where lender is
not involved extensively in borrower's business). Courts have
applied this rule to loan servicers. See, e.g., Hendrickson v.
Popular Mortgage Servicing, Inc., 2009 WL 1455491, *7 (N.D. Cal.);
Marks v. Ocwen Loan Servicing, 2008 WL 344210, *6 (N.D. Cal.).

Plaintiff has not alleged that Chase's involvement in the

**United States District Court**
For the Northern District of California

loan transaction exceeded the scope of its conventional role as a loan servicer.  Accordingly, Plaintiff's claim for negligence is dismissed with leave to amend because she fails to show that Chase owed her a duty of care.

B. Negligence Per Se

Plaintiff also alleges a cause of action for "negligence per se" against Chase.  "Negligence per se," however, is not a cause of action, but rather an evidentiary presumption that a party failed to exercise due care if

> (1) He violated a statute, ordinance, or regulation of a public entity;
>
> (2) The violation proximately caused death or injury to person or property;
>
> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
>
> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669.  Plaintiff alleges that such a presumption is warranted because Chase violated California Civil Code Section 1916.7, the Truth-in-Lending Act (TILA), the Home Owner Equity Protection Act (HOEPA) and the Real Estate Settlement Procedures Act (RESPA) and its related regulations.  The complaint, however, does not plead facts or attach documents showing how Chase's conduct violated these statutes, nor any particular section of any of the statutes.  Thus, Plaintiff cannot avail herself of a presumption of negligence per se and this claim is dismissed with leave to amend.

II.   Second Cause of Action: Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

To assert a cause of action for breach of contract, a plaintiff must plead: (1) existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach.  <u>Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n.6 (2004).

To assert a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must also plead the existence of a contractual relationship because "the covenant is an implied term in the contract."  <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).  "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1094 (2004).

Plaintiff fails to allege facts showing that she entered into a contract with Chase.  For this reason, Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims against Chase are dismissed with leave to amend.

III.  Third Cause of Action: Breach of Fiduciary Duty

"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."  <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476 (1989) (internal quotations and citations omitted).

Generally, a financial institution does not owe a borrower a duty of care. <u>Nymark</u>, 213 Cal. App. 3d at 1095.

Nothing in the complaint sufficiently describes how the servicing of her loans by Chase would create a fiduciary relationship, and <u>Price</u> weighs against finding such relationships. Plaintiff's citations to <u>Barry v. Raskov</u>, 232 Cal. App 4th 447 (1991), and <u>Roberts v. Lomanto</u>, 112 Cal. App. 4th 1553 (2003), offer no support. <u>Barry</u> held that "mortgage loan brokers" owe the lender and borrower a fiduciary duty of the "highest good faith toward his principal." 232 Cal. App. 4th at 455. <u>Roberts</u> held that real estate agents owe fiduciary duties. 112 Cal. App. 4th at 1562-63. However, Plaintiff has not alleged facts showing that Chase employed a mortgage loan broker or a real estate agent who played a role in her loan transactions. Thus, her breach of fiduciary duty claim against Chase is dismissed with leave to amend.

IV.  Fourth Cause of Action: Intentional Infliction of Emotional Distress

A claim of intentional infliction of emotional distress requires a plaintiff to plead: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Christensen v. Superior Court</u>, 54 Cal. 3d 868, 903 (1991).

Plaintiff alleges that the actions of Chase, "driven by profit at the expense of increasingly highly leveraged and

vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants," constituted extreme and outrageous conduct.  Compl. ¶ 94.  Plaintiff's complaint, however, fails to allege sufficient facts showing extreme and outrageous conduct.  Thus, her intentional infliction of emotional distress claim against Chase is dismissed with leave to amend.

V.    Fifth Cause of Action: Fraud

       Under California law, "[t]he elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)).

       "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).  Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc.

United States District Court
For the Northern District of California

9(b)("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff's general allegations do not meet the heightened pleading standard required by Rule 9(b). Plaintiff fails to plead sufficient facts describing the "time, place and nature" of any alleged fraudulent statements. Accordingly, Plaintiff's fraud claim against Chase must be dismissed with leave to amend because the claim provides insufficient notice.

VI.   Sixth Cause of Action: Violations of Federal/State Lending Laws

Plaintiff alleges that Chase "violated Cal. Civ. Code Section 1916.7, TILA, HOEPA, RESPA and the Regulations X and Z promulgated thereunder." Compl. ¶ 107.

A.   Violation of California Civil Code § 1916.7

California Civil Code § 1916.7 provides, "An applicant for a[n adjustable-rate loan] . . . must be given, at the time he or she requests an application, a disclosure notice" explaining the nature of such loans. Plaintiff does not plead that she did not receive such a notice at the time she requested an application for her loans. The Court notes that the Adjustable Rate Rider attached to the First DOT, which contains information required by § 1916.7, bears Plaintiff's signature.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

As Chase notes, it was not the lender on Plaintiff's loans and thus was not in a position to provide the notice § 1916.7 requires. Because Plaintiff did not respond to Chase's argument, her § 1916.7 claims against Chase is dismissed with prejudice.

B. TILA Claims

Plaintiff alleges that Chase violated TILA by failing to make necessary disclosures and marketing loans without considering her ability to pay. Chase argues, among other things, that, as a loan servicer, it cannot be held liable under TILA. Plaintiff did not respond to Chase's argument.

Creditors and their assignees can be held civilly liable for violations of TILA. 15 U.S.C. § 1640(a). "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of [liability under TILA] unless the servicer is or was the owner of the obligation." Id. § 1641.

Plaintiff does not allege that Chase currently owns or previously owned any of her mortgage notes. Indeed, documents attached to her complaint show that Chase only serviced her loans. As a loan servicer that has not been alleged to own Plaintiff's mortgage notes, Chase cannot be held liable for TILA violations. Because Plaintiff did not address this argument in her opposition, Plaintiff's TILA claim against Chase is dismissed with prejudice.

C. HOEPA Claims

Plaintiff alleges that Chase also violated her rights under HOEPA. HOEPA and TILA are part of the same statutory scheme. See, e.g., Rendon v. Countrywide Home Loans, 2009 WL 3126400, *9 (E.D. Cal.) ("HOEPA is an amendment of TILA, and therefore is governed by

the same remedial scheme and statutes of limitations as TILA.")
(citing <u>Kemezis v. Matthew</u>, 2008 WL 2468377, *3 (E.D. Pa.)).  Thus,
for the reasons stated above, Plaintiff's HOEPA claim against Chase
is also dismissed with prejudice.

Even if Chase were a proper party, it argues that Plaintiff's
loans do not fall under HOEPA because the statute only applies to
particular high-rate, high-fee loans.  <u>See</u> 15 U.S.C. § 1602(aa).
Plaintiff neither plead facts showing that HOEPA applied nor
responded to Chase's argument.  Her HOEPA claim against Chase is
dismissed with prejudice for this reason as well.

D.  RESPA Claims

Plaintiff claims that Chase violated RESPA by failing to
provide her with adequate notice regarding the transfer of her
loans' servicing rights[4] and by "paying yield spread premiums and
other unlawful compensation to brokers and loan officers . . . ."
Compl. ¶ 107.  Her claims appear to arise under 12 U.S.C. §§ 2605
and 2607.  Chase argues that Plaintiff's claim must fail because
she does not identify actual damages arising out of Defendants'
alleged conduct.  Plaintiff's opposition did not respond to this
argument.

Congress enacted RESPA to insure consumers "are provided with
greater and more timely information . . . and are protected from
unnecessarily high settlement charges caused by certain abusive
practices . . . ."  12 U.S.C. § 2601.  To this end, RESPA requires

---

[4] Plaintiff vaguely asserts that her RESPA claim arises out of
Defendants' failure to "provide all of the statutorily mandated
disclosures."  Because RESPA mandates notice of the transfer of
loan servicing rights, the Court assumes that this is what she
meant.

United States District Court
For the Northern District of California

disclosures regarding the "assignment, sale, or transfer of loan servicing," id. § 2605, and prohibits the payment of "kickbacks and unearned fees," id. § 2607.  For failure to receive proper disclosures, an individual may recover actual damages.  Id. § 2605(f)(1)(A).

Chase is correct that Plaintiff failed to claim actual damages related to Defendants' alleged non-disclosure. Furthermore, documents attached to Plaintiff's complaint show that she received notice from WMC and Litton that the servicing of her loans were assigned to other parties.  See Compl. Exs. 9, 11, 13. Because Plaintiff did not oppose the motion to dismiss her § 2605 claim against Chase, it is dismissed with prejudice.

Chase, however, did not address Plaintiff's claim under § 2607 for improper compensation.  This claim may be time-barred by RESPA's one-year statute of limitations.  See 12 U.S.C. § 2614.[5] In her opposition, Plaintiff generally asserts that all limitations periods should be equitably tolled.  Equitable tolling would suspend limitations periods "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the [] action."  King, 784 F.2d at 915.  However, Plaintiff adequately alleges neither fraud nor insufficient disclosures.  Accordingly, Plaintiff's § 2607 claim against Chase is dismissed with leave to amend to plead facts that would support equitable tolling.

---

[5] Section 2614 provides a three-year limitations period for RESPA claims under § 2605 for failure to disclose the transfer of loan servicing rights.

14

VII.   Seventh Cause of Action: Deceptive Advertising and Other
       Unfair Business Practices

       A.  Claim under California's Unfair Competition Law

       California's Unfair Competition Law (UCL) prohibits any
"unlawful, unfair or fraudulent business act or practice."  Cal.
Bus. & Prof. Code § 17200.  The UCL incorporates other laws and
treats violations of those laws as unlawful business practices
independently actionable under state law.  Chabner v. United Omaha
Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of
almost any federal, state, or local law may serve as the basis for
a UCL claim.  Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-
39 (1994).  In addition, a business practice may be "unfair or
fraudulent in violation of the UCL even if the practice does not
violate any law."  Olszewski v. Scripps Health, 30 Cal. 4th 798,
827 (2003).

       Plaintiff has not sufficiently plead facts showing that the
actions of Chase constituted unfair business practices.  As
alleged, nothing about how Chase conducted its daily operations
leads to a reasonable inference that it acted unlawfully.  The
Court accordingly dismisses this claim against Chase with leave to
amend.

       B.  Claim under California's False Advertising Act

       Section 17500 of the Business and Professions Code prohibits
"any unlawful, unfair or fraudulent business act or practice and
unfair, deceptive, untrue or misleading advertising."  Plaintiff
alleges that Chase "engaged in deceptive advertising."  As above,
Plaintiff only provides a legal conclusion to support her claim,
which is insufficient.  Thus, this claim against Chase is dismissed

15

1   with leave to amend.

2       C.  Federal Deceptive Practices Act Claim

3       Although Chase moved to dismiss Plaintiff's claim under the

4   Deceptive Practices Act (DPA), 15 U.S.C. §§ 45, et seq, neither

5   party provided an argument about it.  The Court nonetheless

6   dismisses this claim with prejudice against Chase because the

7   statute does not create a private right of action.  <u>See</u> <u>Naulty v.</u>

8   <u>GreenPoint Mortgage Funding, Inc.</u>, 2009 WL 2870620, *6 (N.D. Cal.)

9   (citing <u>Dreisbach v. Murphy</u>, 658 F.2d 720, 730 (9th Cir. 1981)).

10  VIII.  Eighth Cause of Action: Civil RICO

11      Plaintiff also asserts a civil claim for violations of the

12  Racketeer Influenced and Corrupt Organizations Act (RICO).  She

13  makes a conclusory allegation that Chase, Litton, Resurgent, WMC,

14  California Combo/DMW and Mr. Alvarez "are and have been engaged in

15  a[n] unlawful Racketeering Enterprise."  Compl. ¶ 113.  Chase

16  argues that Plaintiff fails to allege a RICO enterprise.

17      A civil RICO claim "requires (1) conduct (2) of an enterprise

18  (3) through a pattern (4) of racketeering activity."  <u>Sedima,</u>

19  <u>S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985).  The alleged

20  enterprise must be an independent legal entity or a "group of

21  individuals associated in fact."  18 U.S.C. § 1961(4).  The entity

22  must be "associated together for a common purpose of engaging in a

23  common course of conduct."  <u>United States v. Turkette</u>, 452 U.S.

24  576, 583 (1981).

25      Plaintiff's complaint fails to plead that Chase was engaged

26  in an unlawful enterprise with the other Defendants.  The complaint

27  contains no allegations that Chase belonged to a separate legal

28  entity or other association.  Plaintiff alleges that there was a

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

"shifting association of persons and entities," but this vague, conclusory assertion is insufficient to state a RICO claim. Plaintiff repeats a similar argument in her opposition.  The complaint also fails to allege a pattern of racketeering activity. Accordingly, Plaintiff's civil RICO claim is dismissed with leave to amend.

IX.   Ninth Cause of Action: Injunctive Relief

Plaintiff's claim for injunctive relief against Chase is dismissed with prejudice because injunctive relief is a remedy, not a cause of action, and she fails to plead a claim upon which injunctive relief could be based.

X.    Tenth Cause of Action: Declaratory Relief

Plaintiff states that she seeks "a judicial declaration of . . . who has true title to the Trust Property, and whether the Promissory Note Secured by the Deed of Trust on which the Trustee's Sale is based is void or voidable due to fraud or mistake."  Compl. ¶ 126.  She seeks declaratory relief against Chase and MERS.

When a claim for declaratory relief is removed to federal court, the court must conduct its analysis under the Declaratory Judgment Act (DJA).  See Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by Gov't Employees Ins. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); see also Gamble v. GMAC Mortgage Corp., 2009 WL 400359, *2 (N.D. Cal.); Coyotzi, 2009 WL 400359 at *18.  The DJA permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).  The "actual controversy" requirement of the Declaratory Judgment Act is

17

the same as the "case or controversy" requirement of Article III of the United States Constitution. <u>American States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1993).

Like her other claims, Plaintiff's declaratory judgment claim fails because her complaint does not allege facts showing that there is an actual case or controversy between her and Defendants. The complaint merely contends that the "Trustee's Sale is invalid, and that the Promissory Note secured by the Deed of Trust on which it is based was procured by fraud and other unlawful means." Plaintiff, however, does not allege that the trustee sale initiated by NDEx is improper, and she does not allege her fraud claim with sufficient particularity. Accordingly, her declaratory judgment claim must be dismissed with leave to amend.

XI.   Eleventh Cause of Action: Rescission

Plaintiff claims she is entitled to rescission pursuant to California Civil Code §§ 1689, 1691 and 1692. However, as those sections make clear, rescission is a remedy, not a cause of action. Moreover, as stated above, the complaint does not sufficiently allege grounds to support rescission, nor does it identify a contract to be rescinded. Because rescission is not a cause of action, the Court dismisses this claim with prejudice.

XII.  Twelfth Cause of Action: Quiet Title

Plaintiff brings a quiet title action because she alleges that Chase and MERS, along with other Defendants, are "currently seeking to foreclose on said Property with a Trustee's Sale pending for March 5, 2009." Compl. ¶ 132. She further alleges that they "have no estate, lien or interest in the Trust Property . . . ." <u>Id.</u> ¶ 133. To file a claim for quiet title, a plaintiff's

18

complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title. Cal. Civ. Proc. Code § 761.020. As Chase and MERS point out, Plaintiff has not alleged facts showing that they currently have an interest being asserted in the Trustee's Sale. The Trustee's Sale is pursuant to the First DOT, which currently names U.S. Bank as beneficiary and NDEx West, LLC as trustee. RJN Exs. 6-7. Because Plaintiff's claim does not show that Chase and MERS have an adverse claim based on the First DOT, the quiet title action against them must be dismissed with leave to amend.

XIII. Thirteenth Cause of Action: Accounting

Plaintiff claims she is entitled to an accounting by Chase because "the true amount of money Plaintiff owes . . . is unknown . . . at this time." Compl. ¶ 136. An action for accounting, which is equitable in nature, "may be brought to require a defendant to account to a plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Witkin, California Procedure, Pleading § 775 (4th ed.); Civic Western Corp. v. Zila Industries, 66 Cal. App. 3d 1, 14 (1977).

Plaintiff's use of an accounting action is unconventional because she seeks a determination of how much she owes Chase. Generally, an accounting claim determines the opposite: the amount owed to a plaintiff by a defendant. Even if an accounting cause of

action can be used for this purpose, Plaintiff's complaint fails to allege that a fiduciary relationship existed between her and Chase or that there are sufficiently complicated accounts that make a legal action impracticable.  Thus, Plaintiff's accounting action against Chase must be dismissed with leave to amend.

XIV.  Fourteenth Cause of Action: "For Punitive Damages"

Plaintiff's purported claim "For Punitive Damages" is dismissed with prejudice because the award of punitive damages is a remedy, not a freestanding claim.  Even if Plaintiff intended to seek punitive damages based upon the claims discussed above, Plaintiff's request would also fail because her complaint does not support those claims.

CONCLUSION

For the foregoing reasons, Chase and MERS' motion to dismiss Plaintiff's claims is GRANTED.  Below is a summary of the Court's holdings.

1.  Plaintiff's negligence/negligence per se claim against Chase is dismissed with leave to amend because Plaintiff fails to plead facts showing that Chase owed her a duty of care or that it violated California Civil Code § 1916.7, TILA, HOEPA or RESPA and its related regulations.

2.  Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims against Chase are dismissed with leave to amend because she fails to plead facts showing that she entered into a contract with Chase.

3.  Plaintiff's breach of fiduciary duty claim against

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Chase is dismissed with leave to amend because she does not plead facts that establish a fiduciary relationship.

4.   Plaintiff's intentional infliction of emotional distress claim against Chase is dismissed with leave to amend because she does not allege conduct to support this claim.

5.   Plaintiff's fraud claim against Chase is dismissed with leave to amend because she does not meet the heightened pleading standards of Rule 9(b).

6.   Plaintiff's claim under California Civil Code § 1916.7 against Chase is dismissed with prejudice because it was not the original lender on her loans.  Plaintiff did not oppose Chase's argument.  Plaintiff's TILA and HOEPA claims against Chase are dismissed because, as a loan servicer, it cannot be held liable under these statutes.  Her HOEPA claim is also dismissed for the additional reason that she did not allege that HOEPA applies to her loans.  Because Plaintiff did not oppose Chase's argument, the dismissals of her TILA and HOEPA claims are with prejudice.  Plaintiff's RESPA claim under 12 U.S.C. § 2605 against Chase is dismissed with prejudice because Plaintiff failed to respond to Chase's argument that she failed to plead actual damages.  Her claim under 12 U.S.C. § 2607 is dismissed with leave to amend to plead facts showing that equitable tolling applies.

21

7.   Plaintiff's claims against Chase under California's unfair competition and false advertising laws are dismissed with leave to amend because she fails to plead sufficient facts to state such claims.  Her claim against Chase under the federal Deceptive Practices Act is dismissed with prejudice because the statute does not provide a private right of action.

8.   Plaintiff's Civil RICO claim against Chase is dismissed with leave to amend because she does not allege an unlawful enterprise or a pattern of racketeering activity.

9.   Plaintiff's claim for injunctive relief against Chase is dismissed with prejudice because injunctive relief is a remedy, not a cause of action, and she does not state a claim upon which it could be based.

10.  Plaintiff's claims for declaratory relief against Chase and MERS are dismissed with leave to amend because she does not state a case or controversy upon which they could be based.

11.  Plaintiff's claim against Chase for rescission is dismissed with prejudice because rescission is not a cause of action.

12.  Plaintiff's quiet title action against Chase and MERS is dismissed with leave to amend because she does not allege that they have an adverse claim against her title based on the First DOT.

22

**United States District Court**
For the Northern District of California

1   13. Plaintiff's accounting claim against Chase is

2       dismissed with leave to amend because she does not

3       plead the existence of a fiduciary duty.

4   14. Plaintiff's claim "For Punitive Damages" against

5       Chase is dismissed with prejudice because it is

6       not a freestanding cause of action.

7       Plaintiff may file an amended complaint curing these

8   deficiencies within twenty days of the date of this order.  As

9   mentioned above, the Court's records do not show that Plaintiff

10  served WMC, California Combo/DMW, Litton and Mr. Alvarez within 120

11  days of filing her original complaint.  <u>See</u> Fed. R. Civ. P. 4(m).

12  She must therefore serve her amended complaint on all Defendants

13  within ten days of filing it.  Defendants may file a motion to

14  dismiss noticed for hearing on Thursday, January 7, 2010 at 2:00

15  p.m.

16      **Plaintiff's failure to comply with this Order will result in**

17  **the dismissal of her case with prejudice.**

18      IT IS SO ORDERED.

19

20  Dated:  October 27, 2009

21                                  CLAUDIA WILKEN
                                    United States District Judge

22

23

24

25

26

27

28