IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTA MULATO,<br><br>            Plaintiff,<br><br>     v.<br><br>WMC MORTGAGE CORP.; LITTON LOAN SERVICING LP; JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE LLP; CALIFORNIA COMBO MORTGAGE; DMW REALTY; ENRIQUE ALVAREZ; RESURGENT CAPITAL SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>            Defendants.<br>                                      / | No. C 09-03443 CW<br><br>ORDER GRANTING DEFENDANTS JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS AND DENYING PLAINTIFF'S COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD (Docket Nos. 19 and 29) |

     Defendants JP Morgan Chase Bank, N.A. and Chase Home Finance LLC (collectively, Chase) and Mortgage Electronic Registration Systems, Inc. (MERS) move to dismiss Plaintiff's First Amended Complaint (FAC).  Defendant Resurgent Capital Services joins the motion.[1]  Plaintiff opposes the motion.  In addition, Plaintiff's counsel, Marc L. TerBeek, moves for leave to withdraw from this case.  The motions were taken under submission on the papers.

---

[1] Even though Resurgent has already answered Plaintiff's FAC, its joinder in Chase and MERS's Motion is not procedurally improper.  A defendant may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) after filing an answer; a court will consider such a motion as one for judgment on the pleadings.  Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

Having considered the papers submitted by the parties, the Court GRANTS Chase and MERS's Motion and DISMISSES Plaintiff's claims against Chase, MERS and Resurgent[2] with prejudice. (Docket No. 19.) The Court DENIES without prejudice Mr. TerBeek's motion to withdraw as counsel. (Docket No. 29.)

BACKGROUND

Because the Court's Order of October 27, 2009 (Docket No. 11) explains the facts of this case in sufficient detail, Plaintiff's allegations will not be repeated here in their entirety. In sum, Plaintiff alleges that Defendants engaged in unlawful conduct in connection with loans she obtained, which were secured by property at 487 Sunrise Way, San Francisco, California. Plaintiff maintains that she was misled during the loan origination process and that the alleged securitization of her loans deprived Chase and MERS of standing to foreclose on her home.

PROCEDURAL HISTORY

In its October 27 Order, the Court noted that its records did not show that Defendants WMC, California Combo/DMW, Litton or Enrique Alvarez had been served within 120 days of the filing of Plaintiff's original complaint. The Court therefore ordered Plaintiff to serve her amended complaint on all Defendants within ten days of filing it and warned that her failure to do so would result in the dismissal of her claims with prejudice. Because Plaintiff did not file proofs of service with the Court for the abovementioned Defendants within the ten-day period, the Court dismissed the claims against them with prejudice. (Docket No. 23.)

---

[2] Hereinafter, the Court refers to Chase, MERS and Resurgent as "Defendants."

Thus, Chase, MERS and Resurgent are the remaining Defendants in this case.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I.  Motion to Dismiss

The Court already has dismissed with prejudice Plaintiff's claims against Chase for alleged violations of California Civil Code section 1916.7; the federal Truth-in-Lending Act (TILA) and Regulation Z promulgated thereunder; the federal Home Ownership and Equity Protection Act (HOEPA); 12 U.S.C. § 2605 and Regulation X, which both arise under the federal Real Estate Settlement Procedures Act (RESPA); and the federal Deceptive Practices Act, and her claims for injunctive relief and rescission because they

3

are not causes of action. Plaintiff nevertheless asserts these claims in her FAC. Because they have already been dismissed, the Court does not consider them below.

Plaintiff did not substantively respond to Chase and MERS' motion. In her opposition, she simply states, "All the Court need do is review the allegations of the FAC to determine if the requisite allegations meet the requirements set forth in its prior order." Opp'n at 2. As discussed in further detail below, many of the allegations contained in the FAC appear nearly identical to those that the Court found deficient in Plaintiff's original complaint.

A.   Negligence/Negligence Per Se

1.   Negligence

A cause of action for negligence must allege (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff. Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 513 (1978). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." McGettigan v. Bay Area Rapid Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (1997).

Plaintiff alleges that Chase and MERS "owed a general duty of care with respect to Plaintiff concerning their duty to properly carry out non-judicial foreclosure proceedings only in strict conformity with the law, only if they had standing/authority to do so." FAC ¶ 80. However, she does not allege facts or cite

4

statutes to explain the nature of this duty. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991); see also Kinner v. World Savings & Loan Ass'n, 57 Cal. App. 3d 724, 732 (1976) (holding no duty of care owed by lender to borrower to ensure adequacy of construction loan); Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business). Plaintiff has not plead facts to show that Chase or MERS exceeded their traditional roles.

Further, to the extent that Chase and MERS owed Plaintiff a duty to comply with the law, her pleadings do not support her claims that they breached it. She asserts that they breached their duty because they should have known that they "lacked standing and/or authority to carry out non-judicial foreclosure proceedings against the Trust Property." FAC ¶ 82. Plaintiff maintains that they lacked standing to foreclose because of the alleged securitization of her mortgage note. However, Chase and MERS provide documents to show that the non-judicial foreclosure proceeded in accordance with state law. Request for Judicial Notice (RJN),[3] Exs. 4-7. In California, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale. See, e.g., Pantoja v. Countrywide Home

---

[3] The Court grants Chase and MERS's Request for Judicial Notice of various documents. These documents contain facts which are not subject to reasonable dispute. Fed. R. Evid. 201.

5

Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.); Neal v. Juarez, 2007 WL 2140640, *8 (S.D. Cal.) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 94, 97 (1933); Cal. Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432, 435 (1935)).

These pleading defects are similar to those in Plaintiff's original complaint. Accordingly, the Court dismisses with prejudice Plaintiff's claims for negligence against Chase and MERS.

2.   Negligence Per Se

Plaintiff also alleges a cause of action for "negligence per se" against Chase and MERS. "Negligence per se," however, is not a cause of action, but rather an evidentiary presumption that a party failed to exercise due care if

> (1) He violated a statute, ordinance, or regulation of a public entity;
>
> (2) The violation proximately caused death or injury to person or property;
>
> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
>
> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669. As in her first complaint, Plaintiff has not plead facts to show that she is entitled to this presumption. Accordingly, the Court dismisses with prejudice her "negligence per se" claim against Chase and MERS.

B.   Breach of Contract

Plaintiff alleges that her loan documents, deeds of trust and

6

1  "related documents" constitute written contracts. FAC ¶ 85. She
2  alleges that Chase and Resurgent breached these contracts by, among
3  other things, "seeking and collecting on an interest rate not
4  agreed to by Plaintiff; by imposing fees and charges that were in
5  conflict with the terms stated in the governing loan documents,
6  related disclosures and governing law;" and "by failing to notify
7  Plaintiff of the assignment, if any there was, of its rights and
8  interests in the loans to other parties." FAC ¶ 85. As to MERS,
9  Plaintiff pleads that it failed "to timely notify Plaintiff of the
10 assignment, if any there was, of its rights and interest in the
11 loans to other parties, and by causing or facilitating the
12 foreclosure of the Trust Property in violation of Plaintiff's
13 rights." FAC ¶ 85. She also alleges that Defendants had a "duty
14 of good faith," requiring them "to refrain from conduct that would
15 take advantage of gaps in the contract . . . in order to frustrate
16 the reasonable expectations of Plaintiff . . . ." Compl. ¶ 88.

17      To assert a cause of action for breach of contract, a
18 plaintiff must plead: (1) existence of a contract; (2) the
19 plaintiff's performance or excuse for non-performance; (3) the
20 defendant's breach; and (4) damages to the plaintiff as a result of
21 the breach. Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.,
22 116 Cal. App. 4th 1375, 1391 n.6 (2004).

23      Plaintiff has not plead facts to show that she entered into
24 contracts with Defendants. She makes conclusory allegations that
25 her "loan documents, Deeds of Trust and related documents"
26 constitute written contracts with them. This is not sufficient to
27 survive a motion to dismiss.

28      Even if her loan documents constituted contracts between

7

Plaintiff and Defendants, she has not shown that they committed a breach. She does not identify which provisions of these contracts were breached or plead facts to support her vague allegations. Moreover, both Plaintiff and Chase and MERS have provided documents that suggest that she was adequately notified of assignments of rights to other parties and that the foreclosure process progressed lawfully. FAC, Exs. 9-18; RJN, Exs. 4-7.

Accordingly, the Court dismisses with prejudice Plaintiff's breach of contract claims against Defendants.

C. Intentional Infliction of Emotional Distress

For this claim, Plaintiff's FAC provides pleadings nearly identical to those in her original complaint. Plaintiff's allegations merely recite the elements of a claim for intentional infliction of emotional distress. Although she avers that Defendants engaged in "extreme and outrageous" conduct, FAC ¶ 111, Plaintiff does not allege facts to show such conduct. Accordingly, the Court dismisses with prejudice Plaintiff's claims for intentional infliction of emotional distress against Defendants.

D. Violations of Federal and State Lending Laws

As noted above, the Court dismissed with prejudice Plaintiff's claims against Chase for violations of California Civil Code section 1916.7; TILA and Regulation Z promulgated thereunder; HOEPA; and 12 U.S.C. § 2605 and Regulation X, which both arise under RESPA. The Court dismissed with leave to amend Plaintiff's RESPA claim against Chase under 12 U.S.C. § 2607, which prohibits persons from giving or accepting kickbacks and unearned fees. However, Plaintiff has not alleged facts to show that Chase gave or accepted such unearned fees as a result of her loan. Accordingly,

8

the Court dismisses with prejudice Plaintiff's claim under 12 U.S.C. § 2607 against Chase.

Resurgent did not join Chase and MERS's first motion to dismiss.  As a result, the Court did not consider the sufficiency of Plaintiff's pleadings concerning her federal and state lending law claims against Resurgent, which are identical to those asserted against Chase.  However, Resurgent appears to be a loan servicing company that was neither Plaintiff's original lender nor an owner of her mortgage notes.  Resurgent is therefore in a position similar to that of Chase.  Thus, the Court's reasons for dismissing Plaintiff's claims against Chase apply with equal force to Resurgent.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (providing that a court may sua sponte dismiss action as to defendants who have not moved to dismiss, where such defendants are in a position similar to that of moving defendants).  Although she had ample notice and opportunity to offer a substantive opposition to Resurgent's joinder to Chase and MERS' motion for dismissal of these claims, Plaintiff did not do so.  Accordingly, the Court dismisses with prejudice Plaintiff's claims against Resurgent for alleged violations of California Civil Code section 1916.7, TILA and Regulation Z promulgated thereunder, HOEPA, and RESPA and Regulation X promulgated thereunder.

E.   Deceptive Advertising and Other Unfair Business Practices

Plaintiff's FAC appears to recite the same allegations of these causes of action contained in her original complaint, which the Court found deficient.  Because Plaintiff has not alleged facts to support her claim that Defendants violated California's Unfair

9

1  Competition Law, the Court dismisses this claim with prejudice.

2      F.   Declaratory Relief

3      Plaintiff's declaratory judgment claim fails because her
4  complaint does not allege facts to show that there is an actual
5  case or controversy between her and Defendants.  The complaint
6  merely contends that the "Trustee's Sale is invalid, and that the
7  Promissory Note secured by the Deed of Trust on which it is based
8  was procured by fraud and other unlawful means," FAC ¶ 126, which
9  was the same conclusory allegation made in her original complaint.
10 Accordingly, her declaratory judgment claim is dismissed with
11 prejudice.

12     G.   Quiet Title

13     To state a claim for quiet title, a plaintiff's complaint must
14 contain: (1) a description of the property; (2) the title of the
15 plaintiff and its basis; (3) the adverse claims to that title;
16 (4) the date as of which the determination is sought; and (5) a
17 prayer for relief of quiet title.  Cal. Civ. Proc. Code § 761.020.

18     The quiet title claim in Plaintiff's FAC appears identical to
19 the one contained in her original complaint.  The Court dismissed
20 that claim because she failed to allege that Chase or MERS have an
21 adverse claim to the property.  In her FAC, she still does not show
22 that Defendants have an adverse claim based on the First Deed of
23 Trust, on which the pending foreclosure sale is based.  The First
24 DOT names U.S. Bank as beneficiary and NDEx West, LLC as trustee,
25 RJN, Exs. 4-6, neither of which is a party to this action.  Because
26 Plaintiff's claim does not show that Defendants have an adverse
27 claim based on the First DOT, the Court dismisses with prejudice
28 the claim for quiet title against them.

10

H.  Accounting

An action for accounting, which is equitable in nature, "may be brought to require a defendant to account to a plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable."  Witkin, California Procedure, Pleading § 775 (4th ed.); Civic W. Corp. v. Zila Indus., 66 Cal. App. 3d 1, 14 (1977).

The Court dismissed Plaintiff's original claim for an accounting because she did not allege the existence of a fiduciary relationship or sufficiently complicated accounts to make a legal action impracticable.  She did not cure these deficiencies in her FAC.  The Court accordingly dismisses with prejudice Plaintiff's claim for an accounting.

II.  Motion to Withdraw as Counsel

Rule 3-700(C) of the California Rules of Professional Conduct provides:

> [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
> (1) The client
>
> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>
> (b) seeks to pursue an illegal course of conduct, or
>
> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or

11

```
                    (d) by other conduct renders it unreasonably
                    difficult for the member to carry out the
                    employment effectively, or

                    (e) insists, in a matter not pending before a
                    tribunal, that the member engage in conduct
                    that is contrary to the judgment and advice of
                    the member but not prohibited under these rules
                    or the State Bar Act, or

                    (f) breaches an agreement or obligation to the
                    member as to expenses or fees.
            (2) The continued employment is likely to result in
            a violation of these rules or of the State Bar Act;
            or

            (3) The inability to work with co-counsel indicates
            that the best interests of the client likely will be
            served by withdrawal; or

            (4) The member's mental or physical condition
            renders it difficult for the member to carry out the
            employment effectively; or

            (5) The client knowingly and freely assents to
            termination of the employment; or

            (6) The member believes in good faith, in a
            proceeding pending before a tribunal, that the
            tribunal will find the existence of other good cause
            for withdrawal.
```

Cal. R. Prof. Conduct 3-700(C).

Mr. TerBeek moves for leave to withdraw from this action, asserting that Plaintiff is now represented by another attorney. He maintains that Plaintiff refuses to communicate with him and that it has become difficult for him to carry out his duties. However, neither her purported new attorney nor Plaintiff has appeared to notify the Court of a change in representation. Furthermore, Mr. TerBeek does not provide evidence to demonstrate his inability to communicate with Plaintiff. He merely states, "By December, it had become evident that there had been a complete breakdown in the attorney-client relationship." TerBeek Decl. ¶ 4.

12

Without more, the Court declines to allow Mr. TerBeek to withdraw.

CONCLUSION

For the foregoing reasons, the Court GRANTS Chase and MERS' Motion, in which Resurgent joined, and dismisses with prejudice all of Plaintiff's claims against Chase, MERS and Resurgent. (Docket No. 19.) Because her claims against WMC, Litton, California Combo/DMW and Enrique Alvarez were previously dismissed, this Order terminates Plaintiff's action.

The Court DENIES without prejudice Mr. TerBeek's motion to withdraw as counsel. (Docket No. 29.) If Plaintiff or her purported new counsel file a notice of substitution of counsel, or Mr. TerBeek makes a further factual showing, he may renew his motion.

The Clerk shall enter judgment and close the file. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: April 16, 2010

CLAUDIA WILKEN
United States District Judge